CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JUL -3 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| KENNETH VALENTINE AWE, ) | Civil Action No. 7:14-cv-00241 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | MEMORANDUM OPINION | |
| ) | | |
| WARDEN MATHENA, ) | By: Hon. Jackson L. Kiser | |
| Defendant. ) | Senior United States District Judge | |

Kenneth Valentine Awe, a Virginia inmate proceeding pro se, filed a verified Complaint pursuant to 42 U.S.C. § 1983 naming Warden Mathena of the Red Onion State Prison as the sole defendant. Plaintiff alleges that "federal mail fraud [is] being committed under color of state law" because Plaintiff is charged forty-nine cents for one ounce of first class mail and the "Red Onion State Prison Administration" is "placing only [forty-eight cents] worth of postage on [Plaintiff's] legal mail." This matter is before me for screening, pursuant to 28 U.S.C. § 1915A.[1]

Section 1983 requires a showing of personal fault on the part of a defendant, either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). Plaintiff wholly fails to describe Warden Mathena's involvement with postage, and Plaintiff pursues an indisputably meritless legal theory to hold Warden Mathena liable for acts of subordinates via respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7

---

[1] I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

(1978). Accordingly, I dismiss the Complaint without prejudice as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1), and certify that an appeal would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

**ENTER**: This 3rd day of July, 2014.

/s/ Jackson L. Kiser
Senior United States District Judge